UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

**MAY 19 2011**

J T NOBLIN, CLERK
BY_____ DEPUTY

UNITED STATES OF AMERICA,                    )
                                             )
              Plaintiff,                      )
                                             )
      v.                                      )   Case No.: 3: 11 CV 302 CWR-LRA
                                             )
THE BRYAN COMPANY,                           )
BRYAN CONSTRUCTION COMPANY, INC.,            )
STEVE BRYAN,                                  )
MID-SOUTH HOUSTON PARTNERS,                  )
MID-SOUTH DEVELOPMENT, LLC A/K/A             )
MSD, LLC,                                     )
THE VINEYARDS APARTMENTS, LLC,               )
EQUITY PROPERTIES, LLC F/K/A                 )
WINDSOR LAKE APARTMENT, LP,                  )
CYPRESS LAKE DEVELOPMENT, LLC,               )
STEPHEN G. HILL, PICKERING FIRM, INC.        )
A/K/A PICKERING, INC., LARRY SINGLETON       )
D/B/A SINGLETON HOLLOMON                      )
ARCHITECTS,                                   )
H D LANG AND ASSOCIATES, INC.,               )
RICHARD A. BARRON, ARCHITECT,                )
SHOWS DEARMAN & WAITS, INC.,                  )
TIMOTHY R. BURGE, PA D/B/A                    )
PROFESSIONAL ASSOCIATES, INC.,               )
CANIZARO CAWTHON DAVIS F/K/A                  )
CANIZARO TRIGIANI ARCHITECTS,                )
SMITH ENGINEERING & SURVEYING, INC.          )
A/K/A SMITH ENGINEERING FIRM, INC.           )
A/K/A S.E.C.O., INC. D/B/A SMITH             )
ENGINEERING CO., INC.,                        )
EVANS-GRAVES ENGINEERS, and                  )
J.V. BURKES & ASSOCIATES, INC.               )
                                             )
              Defendants,                     )
                                             )
      and                                     )
                                             )
USA HOUSTON LEVEE DST,                        )
VINEYARDS AT CASTLEWOODS, LLC                 )
SEC ACCOMMODATOR-WINDSOR LAKE                 )

LLC, MID-AMERICA CAPITAL PARTNERS,  )
MID-AMERICA APARTMENTS, LP,  )
SEC ACCOMMODATOR-TWIN OAKS LLC,  )
OAK HOLLOW-NE, LP,  )
SEC ACCOMMODATOR-SPRING LAKE LLC,  )
CYPRESS LAKE RS, LLC,  )
CYPRESS LAKE GARG, LLC, and  )
PELICAN POINTE-NE LP,  )
  )
                    Rule 19 Defendants.  )
_____)

## COMPLAINT

The United States of America alleges:

1. This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (Fair Housing Act), 42 U.S.C. §§ 3601-3619, and Title III of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12181-12189. This action is brought pursuant to Section 814(a), 42 U.S.C. § 3614(a), of the Fair Housing Act and Section 308(a), 42 U.S.C. § 12188, of the ADA.

### Jurisdiction and Venue

2. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3614(a) and 12188(b)(1)(B).

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged in this action occurred in this judicial district.

## Subject Properties

4.  The Vineyard at Castlewoods Apartments (Vineyard) is a multifamily residential apartment property located at 1000 Vineyard Drive, Brandon, Mississippi, 39047, in Rankin County.  It consists of 26 multistory non-elevator buildings.  Vineyard contains 312 total dwelling units of which 104 are ground floor dwelling units.  Vineyard contains public and common use areas that include a clubhouse, leasing office, laundry facility, fitness center, playground, tennis courts, swimming pools, spa, vending machine center, walkways, car wash building, trash receptacles, mailbox kiosk, parking, and other areas.

5.  Windsor Lake Apartments (Windsor Lake) is a multifamily residential apartment property located at 100 Windsor Lake Boulevard, Brandon, Mississippi, 39042, in Rankin County.  It consists of 14 multistory non-elevator buildings.  Windsor Lake contains 336 total dwelling units of which 112 are ground floor dwelling units.  Windsor Lake contains public and common use areas that include a clubhouse, leasing office, laundry center, fitness center, playground, tennis court, swimming pools, sundecks, walkways, trash receptacles, mail kiosk, parking, and other areas.

6.  Sutton Place Apartments (Sutton Place) is a multifamily residential apartment property located at 1000 Sutton Place, Horn Lake, Mississippi, 38637, in DeSoto County.  It consists of 21 multistory non-elevator buildings.  Sutton Place contains 252 total dwelling units of which 84 are ground floor dwelling units.  Sutton Place contains public and common use areas that include a clubhouse, leasing office, laundry center, fitness center, walking trails, tennis court, swimming pools, walkways, parking, trash receptacles, and other areas.

3

7.  Twin Oaks Apartments (Twin Oaks) is a multifamily residential apartment property located at 100 Twin Oaks Lane, Hattiesburg, Mississippi, 39402, in Lamar County.  It consists of 25 multistory non-elevator buildings.  Twin Oaks contains 200 total dwelling units of which 100 are ground floor dwelling units.  Twin Oaks contains public and common use areas that include a clubhouse, leasing office, laundry room, fitness center, playground, tennis court, swimming pools, walkways, trash receptacles, mail kiosk, parking, and other areas.

8.  Oak Hollow Apartments (Oak Hollow) is a multifamily residential apartment property located at 646 Whispering Oak Drive, Southaven, Mississippi, 38671, in DeSoto County.  It consists of 23 multistory non-elevator buildings.  Oak Hollow contains 184 total dwelling units of which 92 are ground floor dwelling units.  Oak Hollow contains public and common use areas that include a clubhouse, leasing office, laundry center, fitness center, playground, tennis court, swimming pools, sundecks, walkways, storage spaces, parking, trash receptacles, and other areas.

9.  Spring Lake Apartments (Spring Lake) is a multifamily residential apartment property located at 1000 Spring Lake Boulevard, Jackson, Mississippi, 39727, in Hinds County.  It consists of 25 multistory non-elevator buildings.  Spring Lake contains 300 total dwelling units of which 100 are ground floor dwelling units.  Spring Lake contains public and common use areas that include a clubhouse, leasing office, laundry facility, fitness center, playground, tennis court, swimming pools, walkways, picnic area, car wash area, parking, trash receptacles, and other areas.

10.  Cypress Lake Apartments (Cypress Lake) is a multifamily residential apartment property located at 11101 Reiger Road, Baton Rouge, Louisiana, 70809, in East Baton Rouge Parish.  It consists of 10 multistory non-elevator buildings.  Cypress Lake contains 240 total

dwelling units of which 80 are ground floor dwelling units.  Cypress Lake contains public and common use areas that include a clubhouse, leasing office, pools, sidewalks, parking, trash receptacles, and other areas.

11.  Pelican Pointe Apartments (Pelican Pointe) is a multifamily residential apartment property located at 3400 Pelican Pointe Boulevard, Slidell, Louisiana, 70458, in St. Tammany Parish.  It consists of 22 multistory non-elevator buildings.  Pelican Pointe contains 264 total dwelling units of which 88 are ground floor dwelling units.  Pelican Pointe contains public and common use areas that include a clubhouse, leasing office, fitness center, playground, tennis court, basketball court, swimming pools, mail kiosk, walkways, parking, trash receptacles, and other areas.

12.  Houston Levee Apartments (Houston Levee) is a multifamily residential apartment property located at 9940 Paddle Wheel Drive, Cordova, Tennessee, 38016, in Shelby County.  It consists of 24 multistory non-elevator buildings.  Houston Levee contains 384 total dwelling units of which 96 are ground floor dwelling units.  Houston Levee contains public and common use areas that include a clubhouse, leasing office, laundry facility, fitness center, playground, tennis court, swimming pools, basketball court, walkways, car wash area, mailbox kiosk, trash receptacles, parking, and other areas.

## Defendants

### I. The Vineyard at Castlewoods Apartments

#### A. Vineyard Defendants

13.  Defendant The Bryan Company is a Mississippi corporation with its place of business at 779 Avery Boulevard North in Ridgeland, Mississippi.  The Bryan Company was a

developer and/or owner of Vineyard during its design and construction. The Bryan Company was involved in the design and construction of Vineyard.

14. Defendant Bryan Construction Company, Inc. is a Mississippi corporation, and is also a Tennessee corporation. The principal place of business of Bryan Construction Company, Inc. is 779 Avery Boulevard in Ridgeland, Mississippi. Defendant Bryan Construction Company, Inc. was the general contractor and/or builder for Vineyard. Bryan Construction Company, Inc., was involved in the design and construction of Vineyard.

15. Defendant Mid-South Development, LLC a/k/a MSD, LLC is a Mississippi limited liability company. Its place of business is 779 Avery Boulevard North in Ridgeland, Mississippi. Mid-South Development, LLC had an ownership interest in Vineyard during its design and construction. Mid-South Development, LLC was a developer of Vineyard. Mid-South Development, LLC was involved in the design and construction of Vineyard.

16. Defendant The Vineyards Apartments, LLC is a Mississippi limited liability company. Its place of business is 779 Avery Boulevard North in Ridgeland, Mississippi. Defendant Mid-South Development, LLC sold Vineyard to The Vineyards Apartments, LLC during its design and construction. The Vineyards Apartments, LLC had an ownership interest in Vineyard during its design and construction and was a developer of Vineyard. The Vineyards Apartments, LLC was involved in the design and construction of Vineyard.

17. Defendant Larry Singleton, doing business as Singleton Hollomon Architects, is located at One Lefleur's Square, with a mailing address at P.O. Box 16259, in Jackson, Mississippi. Larry Singleton d/b/a Singleton Hollomon Architects is a licensed architect in the state of Mississippi. Larry Singleton d/b/a Singleton Hollomon Architects was the architect for

6

Vineyard.  Larry Singleton d/b/a Singleton Hollomon Architects was involved in the design and construction of Vineyard.

18.  Defendant H D Lang And Associates, Inc. is a Mississippi corporation.  Its place of business is at 4099 North State Street in Jackson, Mississippi.  H D Lang And Associates, Inc. was the civil engineering firm for Vineyard.  H D Lang And Associates, Inc. was involved in the design and construction of Vineyard.

### B.  Vineyard Rule 19 Defendant

19.  Defendant Vineyards at Castlewoods, LLC is a Mississippi limited liability company. Its address is 779 Avery Boulevard North in Ridgeland, Mississippi.  Vineyards at Castlewoods, LLC is the current owner of Vineyard.  Vineyards at Castlewoods, LLC, as the current owner, is named as a defendant in this action solely because it is a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

## II.  Windsor Lake Apartments

### A.  Windsor Lake Defendants

20.  Defendant The Bryan Company was a developer and/or owner of Windsor Lake during its design and construction.  Defendant Mid-South Development, LLC a/k/a MSD, LLC was a developer and/or owner of Windsor Lake during its design and construction.  Defendant Bryan Construction Company, Inc. was the general contractor and/or builder for Windsor Lake. The Bryan Company, Mid-South Development, LLC a/k/a MSD, LLC and Bryan Construction Company, Inc., were involved in the design and construction of Windsor Lake.

21.  Defendant Equity Properties, LLC f/k/a Windsor Lake Apartment, LP, is a Mississippi limited liability company.  Its place of business is 779 Avery Boulevard North in

Ridgeland, Mississippi.  Defendant Equity Properties, LLC f/k/a Windsor Lake Apartment, LP had an ownership interest in Windsor Lake during its design and construction and was a developer of Windsor Lake.  Defendant Equity Properties, LLC f/k/a Windsor Lake Apartment, LP was involved in the design and construction of Windsor Lake.

22.  Defendant Richard A. Barron, Architect, is a licensed architect in the state of Mississippi, with his place of business at 4020 Northwest Drive in Jackson, Mississippi.  Richard A. Barron was the architect for Windsor Lake.  Richard A. Barron was involved in the design and construction of Windsor Lake.

### B.  Windsor Lake Rule 19 Defendant

23.  Defendant SEC Accommodator-Windsor Lake LLC is a Delaware limited liability company registered to do business in Mississippi.  Its place of business is 13924 Gold Circle in Omaha, Nebraska.  SEC Accommodator-Windsor Lake LLC is the current owner of Windsor Lake.  SEC Accommodator-Windsor Lake LLC, as the current owner, is named as a defendant in this action solely because it is a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

## III.  Sutton Place Apartments

### A.  Sutton Place Defendants

24.  Defendant The Bryan Company was a developer and/or owner of Sutton Place during its design and construction.  The Bryan Company was involved in the design and construction of Sutton Place.

8

**B. Sutton Place Rule 19 Defendants**

25.  Defendant Mid-America Apartments, LP is a Tennessee corporation registered to do business in Mississippi.  Its address is 6584 Poplar Avenue, Suite 340, in Memphis, Tennessee.  Rule 19 Defendant Mid-America Capital Partners is or was a Delaware limited partnership registered to do business in Mississippi.  Its place of business is or was 1209 Orange Street in Wilmington, Delaware.  Mid-America Capital Partners merged with Mid-America Apartments, LP and both are the current owner(s) of Sutton Place.  Mid-America Apartments, LP and Mid-America Capital Partners, as the current owners, are named as defendants in this action solely because they are necessary parties to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

## IV. Twin Oaks Apartments

**A. Twin Oaks Defendants**

26.  Defendant The Bryan Company was a developer and/or owner of Twin Oaks during its design and construction.  Defendant Bryan Construction Company, Inc. was the general contractor and/or builder for Twin Oaks.  The Bryan Company and Bryan Construction Company, Inc., were involved in the design and construction of Twin Oaks.

27.  Defendant Steve Bryan is an individual with his place of business at 779 Avery Boulevard North in Ridgeland, Mississippi.  Defendant Steve Bryan was a developer and/or owner of Twin Oaks during its design and construction.  Steve Bryan was involved in the design and construction of Twin Oaks.

28. Defendant Stephen G. Hill is an individual with his place of business at 426 North Front Street in Memphis, Tennessee. Defendant Stephen G. Hill was the architect for Twin Oaks. Stephen G. Hill was involved in the design and construction of Twin Oaks.

29. Defendant Shows Dearman & Waits, Inc. is a Mississippi corporation. Its place of business is at 301 Second Avenue in Hattiesburg, Mississippi. Shows Dearman & Waits, Inc. was the civil engineering firm for part of Twin Oaks. Shows Dearman & Waits, Inc. was involved in the design and construction of part of Twin Oaks.

30. Defendant Timothy R. Burge, PA d/b/a Professional Associates, Inc. is or was a civil engineering firm located at 802 West Pine Street in Hattiesburg, Mississippi. It was a Mississippi corporation, but may have been properly dissolved. Timothy R. Burge, PA d/b/a Professional Associates, Inc. was the civil engineering firm for part of Twin Oaks. Timothy R. Burge, PA d/b/a Professional Associates, Inc. was involved in the design and construction of part of Twin Oaks.

**B. Twin Oaks Rule 19 Defendant**

31. Defendant SEC Accommodator-Twin Oaks LLC is a Delaware limited liability company registered to do business in Mississippi. Its place of business is 13924 Gold Circle in Omaha, Nebraska. SEC Accommodator-Twin Oaks LLC is the current owner of Twin Oaks. SEC Accommodator-Twin Oaks LLC, as the current owner, is named as a defendant in this action solely because it is a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

**V. Oak Hollow Apartments**

    **A. Oak Hollow Defendants**

    32. Defendant The Bryan Company was a developer and/or owner of Oak Hollow during its design and construction. Defendant Mid-South Development, LLC a/k/a MSD, LLC was a developer and/or owner of Oak Hollow during its design and construction. Defendant Bryan Construction Company, Inc. was the general contractor and/or builder for Oak Hollow. The Bryan Company, Mid-South Development, LLC a/k/a MSD, LLC, and Bryan Construction Company, Inc., were involved in the design and construction of Oak Hollow.

    33. Defendant Canizaro Cawthon Davis f/k/a Canizaro Trigiani Architects is an architecture firm located at 129 South President Street in Jackson, Mississippi. Canizaro Cawthon Davis f/k/a Canizaro Trigiani Architects was an architect for Oak Hollow. Canizaro Cawthon Davis f/k/a Canizaro Trigiani Architects was involved in the design and construction of Oak Hollow.

    34. Defendant Richard A. Barron, Architect, was an architect for Oak Hollow. Richard A. Barron, Architect, was involved in the design and construction of Oak Hollow.

    35. Defendant Smith Engineering & Surveying, Inc. a/k/a Smith Engineering Firm, Inc. a/k/a S.E.C.O., Inc. d/b/a Smith Engineering Co., Inc. is a Mississippi corporation with its principal place of business at 891 Rasco Road in Southaven, Mississippi. Smith Engineering & Surveying, Inc. a/k/a Smith Engineering Firm, Inc. a/k/a S.E.C.O., Inc. d/b/a Smith Engineering Co., Inc. was purchased by Defendant Pickering Firm, Inc. a/k/a Pickering, Inc. Smith Engineering & Surveying Co., Inc. a/k/a Smith Engineering Firm, Inc. a/k/a S.E.C.O., Inc. d/b/a Smith Engineering Co., Inc. was the civil engineer for Oak Hollow. Smith Engineering &

Surveying, Inc. a/k/a Smith Engineering Firm, Inc. a/k/a S.E.C.O., Inc. d/b/a Smith Engineering Co., Inc. was involved in the design and construction of Oak Hollow.

### B. Oak Hollow Rule 19 Defendant

36.   Defendant Oak Hollow-NE LP is a Nebraska limited partnership registered to do business in Mississippi.  Its address is 8313 Spring Plaza in Omaha, Nebraska.  Oak Hollow-NE LP is the current owner of Oak Hollow.  Oak Hollow-NE LP, as the current owner, is named as a defendant in this action solely because it is a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

## VI. Spring Lake Apartments

### A. Spring Lake Defendants

37.   Defendant Bryan Construction Company, Inc. was the developer and/or owner of Spring Lake during its design and construction.  Bryan Construction Company, Inc. was the general contractor and/or builder for Spring Lake.  Steve Bryan was a developer and/or owner of Spring Lake during its design and construction.  Bryan Construction Company, Inc. and Steve Bryan were involved in the design and construction of Spring Lake.

38.   Defendant Stephen G. Hill was the architect for Spring Lake.  Stephen G. Hill was involved in the design and construction of Spring Lake.

39.   Defendant H D Lang And Associates, Inc. was the civil engineering firm for Spring Lake.  H D Lang And Associates, Inc. was involved in the design and construction of Spring Lake.

### B. Spring Lake Rule 19 Defendant

40. Defendant SEC Accommodator-Spring Lake LLC is a Delaware limited liability company registered to do business in Mississippi. Its place of business is 13924 Gold Circle in Omaha, Nebraska. SEC Accommodator-Spring Lake LLC is the current owner of Spring Lake. SEC Accommodator-Spring Lake LLC, as the current owner, is named as a defendant in this action solely because it is a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

## VII. Cypress Lake Apartments

### A. Cypress Lake Defendants

41. Defendant The Bryan Company was a developer and/or owner of Cypress Lake during its design and construction. Defendant Steve Bryan was a developer and/or owner of Cypress Lake during its design and construction. Defendant Bryan Construction Company, Inc. was the general contractor and/or builder for Cypress Lake. The Bryan Company, Steve Bryan, and Bryan Construction Company, Inc., were involved in the design and construction of Cypress Lake.

42. Defendant Cypress Lake Development LLC is a Mississippi limited liability company registered to do business in Louisiana. Its principal place of business is 4150 Perkins Road in Baton Rouge, Louisiana. Defendant Cypress Lake Development LLC had an ownership interest in Cypress Lake during its design and construction and was a developer of Cypress Lake. Defendant Cypress Lake Development LLC was involved in the design and construction of Cypress Lake.

43. Defendant Stephen G. Hill was the architect for Cypress Lake. Stephen G. Hill was involved in the design and construction of Cypress Lake.

44. Defendant Evans-Graves Engineers, Inc. is a Louisiana corporation. Its places of business are at 9800 Airline Highway in Baton Rouge, Louisiana and 1 Galleria Boulevard in Metairie, Louisiana. Evans-Graves Engineers, Inc. was the civil engineering firm for Cypress Lake. Evans-Graves Engineers, Inc. was involved in the design and construction of Cypress Lake.

### B. Cypress Lake Rule 19 Defendants

45. Defendant Cypress Lake RS, LLC and Defendant Cypress Lake GARG, LLC are Delaware limited liability companies registered to do business in Louisiana. The domicile address of Cypress Lake RS, LLC is at 2711 Centerville Road, Suite 400, in Wilmington, Delaware, and its principal office is located at 2089 E. Fort Union Boulevard in Salt Lake City, Utah. The domicile address of Cypress Lake GARG, LLC is at 2711 Centerville Road, Suite 400, in Wilmington, Delaware, and its principal office is located at 14351 Crestwood Avenue in Poway, California. Cypress Lake RS, LLC and Cypress Lake GARG, LLC are the current owners of Cypress Lake. Cypress Lake RS, LLC and Cypress Lake GARG, LLC, as the current owners, are named as defendants in this action solely because they are necessary parties to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

14

## VIII.  Pelican Pointe Apartments

### A.  Pelican Pointe Defendants

46.  Defendant The Bryan Company was a developer and/or owner of Pelican Pointe during its design and construction.  Defendant Steve Bryan was a developer and/or owner of Pelican Pointe during its design and construction.  Defendant Bryan Construction Company, Inc. was the general contractor and/or builder for Pelican Pointe.  The Bryan Company, Steve Bryan, and Bryan Construction Company, Inc., were involved in the design and construction of Pelican Pointe.

47.  Defendant Stephen G. Hill was the architect for Pelican Pointe.  Stephen G. Hill was involved in the design and construction of Pelican Pointe.

48.  Defendant J.V. Burkes & Associates, Inc. is a Louisiana corporation.  Its place of business is at 1805 Shortcut Highway in Slidell, Louisiana.  J.V. Burkes & Associates, Inc. was also a Mississippi corporation during the design and construction of Pelican Pointe.  J.V. Burkes & Associates, Inc. was the civil engineering firm for Pelican Pointe.  J.V. Burkes & Associates, Inc. was involved in the design and construction of Pelican Pointe.

### B.  Pelican Pointe Rule 19 Defendant

49.  Defendant Pelican Pointe-NE LP is a Nebraska limited partnership registered to do business in Louisiana.  Its principal business office is c/o Dial Equities, Inc. at 10703 J Street, Suite 103 in Omaha, Nebraska.  The principal business address of Pelican Pointe-NE LP in Louisiana is 5615 Corporate Boulevard, Suite 400B, in Baton Rouge, Louisiana.  Pelican Pointe-NE LP is the current owner of Pelican Pointe.  Pelican Pointe-NE LP, as the current owner, is

named as a defendant in this action solely because it is a necessary party to this lawsuit under

Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

## IX.  Houston Levee Apartments

### A.  Houston Levee Defendants

50.  Defendant The Bryan Company was a developer of Houston Levee.  Defendant Steve

Bryan had an ownership interest in Houston Levee during its design and construction.  Steve

Bryan was a developer of Houston Levee.  Defendant Bryan Construction Company, Inc. was the

general contractor and/or builder for Houston Levee.  The Bryan Company, Steve Bryan and

Bryan Construction Company, Inc. were involved in the design and construction of Houston

Levee.

51.  Defendant Mid-South Houston Partners is a Tennessee General Partnership that is

located at 779 Avery Boulevard North in Ridgeland, Mississippi.  Mid-South Houston Partners

had an ownership interest in Houston Levee during its design and construction and was a

developer of Houston Levee.  Mid-South Houston Partners was involved in the design and

construction of Houston Levee.

52.  Defendant Stephen G. Hill was the architect for Houston Levee.  Stephen G. Hill

was involved in the design and construction of Houston Levee.

53.  Defendant Pickering Firm, Inc. a/k/a Pickering, Inc. ("Pickering") is a

Tennessee corporation with its principal place of business at 6775 Lenox Center Court in

Memphis, Tennessee.  Pickering is registered to do business in Mississippi as a foreign

corporation with the Mississippi Secretary of State.  Pickering was the civil engineering firm for

16

Houston Levee Apartments.  Pickering was involved in the design and construction of Houston Levee.

### B. Houston Levee Rule 19 Defendant

54.  Defendant USA Houston Levee DST is a Delaware statutory trust incorporated in Delaware, with an address at P.O. Box 638 in Addison, Texas.  USA Houston Levee DST purchased Houston Levee after it was designed and constructed.  USA Houston Levee DST is the current owner of Houston Levee.  USA Houston Levee DST entered into a lease with USA Houston Levee Leasco, LLC.  USA Houston Levee DST, as the current owner, is named as a defendant in this action solely because it is a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

**Factual Allegations**

### I.  Fair Housing Act Factual Allegations

55.  The properties described in paragraphs 4 through 12 were designed and constructed for first occupancy after March 13, 1991.

56.  The properties described in paragraphs 4 through 12 are "dwellings" and contain "dwellings" within the meaning of 42 U.S.C. § 3602(b).

57.  The properties described in paragraphs 4 through 12 contain "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f).

58.  The covered multifamily dwellings at the properties described in paragraphs 4 through 12 are subject to the accessibility requirements of 42 U.S.C. § 3604(f).

59.  The covered multifamily dwellings at the properties described in paragraphs 4 through 12 are not, in part, designed and constructed in a manner so that:

a.      the public use and common use portions of the dwellings therein are

readily accessible to and usable by handicapped persons;

b.      all doors designed to allow passage into and within all premises within

such dwellings are sufficiently wide to allow passage by handicapped

persons in wheelchairs;

c.      all premises within such dwellings contain the following features of

adaptive design:

i.      accessible routes into and through the dwellings;

ii.      light switches, electrical outlets, thermostats, and other

environmental controls in accessible locations; and

iii.      usable kitchens and bathrooms such that an individual in a

wheelchair can maneuver about the space.

## A.      The Vineyard at Castlewoods Apartments

60.  The inaccessible features at Vineyard include, but may not be limited to, inaccessible

pedestrian routes with, *inter alia*, abrupt level changes greater than 1/4", excessive slopes that

include cross slopes exceeding 2%, running slopes exceeding 5% without ramp features, and/or

running slopes on ramps exceeding 8.33%.  It also has locations where there is no accessible

parking.  Vineyard lacks some usable doors because some units have primary entry door with an

abrupt level change greater than 1/4" and passage doors that lack a nominal clear opening width

of 32".  Vineyard does not have some electrical outlets and thermostats in accessible locations.

Some units had thermostats not mounted at an accessible height of 48" or less above the finished

floor, and electrical outlets not mounted at an accessible height above 15" above the finished

18

floor.  Vineyard lacks usable bathrooms in some units.  In certain units, the lavatory was mounted less than the required 24" from a sidewall eliminating the required 30" x 48" centered clear floor space, and the alcove for the water closet was greater than 24" in depth and had insufficient maneuvering clearance.

### B. Windsor Lake Apartments

61. The inaccessible features at Windsor Lake include, but may not be limited to, inaccessible pedestrian routes with, *inter alia*, abrupt level changes greater than 1/4", excessive slopes that include cross slopes exceeding 2%, running slopes exceeding 5% without ramp features, and/or running slopes on ramps exceeding 8.33%.  Windsor Lake lacks some interior usable doors because some units have a passage door that lacks a nominal clear opening width of 32".  Windsor Lake does not have some electrical outlets and thermostats in accessible locations. Certain units had thermostats not mounted at an accessible height of 48" or less above the finished floor and electrical outlets not mounted at an accessible height of at least 15" above the finished floor.  Windsor Lake lacks usable bathrooms in some units.  In certain units, the lavatory was mounted less than the required 24" from a sidewall eliminating the required 30" x 48" centered clear floor space, and the alcove for the water closet was greater than 24" in depth and had insufficient maneuvering clearance.

### C. Sutton Place Apartments

62. The inaccessible features at Sutton Place include, but may not be limited to, inaccessible pedestrian routes with, *inter alia*, abrupt level changes greater than 1/4", excessive slopes that include cross slopes exceeding 2%, running slopes exceeding 5% without ramp features, and/or running slopes on ramps exceeding 8.33%.  Sutton Place lacks some interior

usable doors because some units have a passage door that lacks a nominal clear opening width of 32". Sutton Place does not have some light switches, electrical outlets and thermostats in accessible locations. Certain units had light switches and/or thermostats not mounted at an accessible height of 48" or less above the finished floor and electrical outlets not mounted at an accessible height of at least 15" above the finished floor. Sutton Place lacks usable bathrooms in some units. In certain units, the lavatory was mounted less than the required 24" from a sidewall eliminating the required 30" x 48" centered clear floor space, and the master bath toilet had only a 28" width clearance.

### D. Twin Oaks Apartments

63. The inaccessible features at Twin Oaks include, but may not be limited to, inaccessible pedestrian routes with, *inter alia*, abrupt level changes greater than 1/4", excessive slopes that include cross slopes exceeding 2%, running slopes exceeding 5% without ramp features, and/or running slopes on ramps exceeding 8.33%. Twin Oaks lacks accessible parking at certain building. Twin Oaks does not have some thermostats in accessible locations. Some units had thermostats not mounted at an accessible height of 48" or less above the finished floor. Twin Oaks lacks usable bathrooms in some units. In certain units, the lavatory was mounted less than the required 24" from a sidewall eliminating the required 30" x 48" centered clear floor space.

### E. Oak Hollow Apartments

64. The inaccessible features at Oak Hollow include, but may not be limited to, inaccessible pedestrian routes with, *inter alia*, abrupt level changes greater than 1/4", excessive slopes that include cross slopes exceeding 2%, running slopes exceeding 5% without ramp

features, and/or running slopes on ramps exceeding 8.33%. Oak Hollow lacks some interior

usable doors because some units have a bath door that lacks a nominal clear opening width of

32". Oak Hollow does not have some thermostats and electrical outlets in accessible locations.

Some units had thermostats not mounted at an accessible height of 48" or less above the finished

floor, and electrical outlets not mounted at an accessible height of at least 15" above the finished

floor. Oak Hollow lacks usable bathrooms in some units. In certain units, the lavatory was

mounted less than the required 24" from a sidewall eliminating the required 30" x 48" centered

clear floor space, there was insufficient clear floor space at the bath tub, and/or the alcove for the

water closet was greater than 24" in depth and had insufficient maneuvering clearance.

### F.  Spring Lake Apartments

65. The inaccessible features at Spring Lake include, but may not be limited to,

inaccessible pedestrian routes with, *inter alia*, abrupt level changes greater than 1/4", excessive

slopes that include cross slopes exceeding 2%, running slopes exceeding 5% without ramp

features, and/or running slopes on ramps exceeding 8.33%. Spring Lake does not have some

thermostats in accessible locations. Some units had thermostats not mounted at an accessible

height of 48" or less above the finished floor. Spring Lake lacks usable bathrooms in some units.

In certain units, the lavatory was mounted less than the required 24" from a sidewall eliminating

the required 30" x 48" centered clear floor space, and/or the alcove for the water closet was

greater than 24" in depth and had insufficient maneuvering clearance.

### G.  Cypress Lake Apartments

66. The inaccessible features at Cypress Lake include, but may not be limited to,

inaccessible pedestrian routes with, *inter alia*, abrupt level changes greater than 1/4", excessive

21

slopes that include cross slopes exceeding 2%, running slopes exceeding 5% without ramp

features, and/or running slopes on ramps exceeding 8.33%. Cypress Lake does not have some

thermostats in accessible locations. Cypress Lake lacks usable kitchens in some units. In certain

units, a turning space of less than 60" was provided in a "U"-shaped kitchen, and in certain units

the kitchen lacked a 30" x 48" clear floor space between the refrigerator and the opposite wall.

### H. Pelican Pointe Apartments

67. The inaccessible features at Pelican Pointe include, but may not be limited to,

inaccessible pedestrian routes with, *inter alia*, abrupt level changes greater than 1/4", excessive

slopes that include cross slopes exceeding 2% and/or running slopes exceeding 5% without ramp

features. Pelican Pointe lacks some interior usable doors because some units have passage doors

without a nominal clear opening width of 32". Pelican Pointe does not have some thermostats

and electrical outlets in accessible locations. Some units had thermostats not mounted at an

accessible height of 48" or less above the finished floor, and electrical outlets not mounted at an

accessible height of at least 15" above the finished floor. Pelican Pointe lacks usable bathrooms

in some units. In certain units, the alcove for the water closet was greater than 24" in depth and

had insufficient maneuvering clearance.

### I. Houston Levee Apartments

68. The inaccessible features at Houston Levee include, but may not be limited to,

inaccessible pedestrian routes with, *inter alia*, abrupt level changes greater than 1/4", excessive

slopes that include cross slopes exceeding 2%, running slopes exceeding 5% without ramp

features, and/or running slopes on ramps exceeding 8.33%. Houston Levee lacks some interior

usable doors because some units have inaccessible door hardware that requires twisting, abrupt

level changes greater than 1/4" at the exterior side of the threshold, and at certain units an interior

door to a hall bath provided less than a 32" nominal clear opening.  Houston Levee has units with

electrical outlets in inaccessible locations because certain electrical outlets were not mounted at

an accessible height higher than 15" above the finished floor.  Houston Levee lacks certain usable

bathrooms because in certain units a hall bath water closet alcove with a depth greater than 24"

has a maneuvering clearance width of less than 48".

## II. Americans with Disabilities Act Factual Allegations

69.  The leasing offices at Vineyard, Windsor Lake, Twin Oaks, Oak Hollow, Spring

Lake, Cypress Lake, Pelican Pointe, and Houston Levee described in paragraphs 4-12, are places

of public accommodation within the meaning of Section 301(7)(E) of the Americans with

Disabilities Act, 42 U.S.C. § 12181(7)(E).

70.  The leasing offices at Vineyard, Windsor Lake, Twin Oaks, Oak Hollow, Spring

Lake, Cypress Lake, Pelican Pointe, and Houston Levee described in paragraphs 4-5 and 7-12,

were designed and constructed for first occupancy after January 26, 1993.

71.  The leasing offices at Vineyard, Windsor Lake, Twin Oaks, Oak Hollow, Spring

Lake, Cypress Lake, Pelican Pointe, and Houston Levee described in paragraphs 4-5 and 7-12,

are subject to the requirements of 42 U.S.C. §§ 12181-12183.

72.  The leasing offices at Vineyard, Windsor Lake, Twin Oaks, Oak Hollow, Spring

Lake, Cypress Lake, Pelican Pointe, and Houston Levee described in paragraphs 4-5 and 7-12,

are not, in part, designed and constructed so that they are readily accessible to and usable by

individuals with disabilities, as required by Section 303(a)(1) of the ADA,

42 U.S.C. § 12183(a)(1).  These leasing offices fail to comply with the Department of Justice's

regulation implementing Title III of the ADA, 28 C.F.R. Part 36, including the Standards for

Accessible Design, 28 C.F.R. Part 36, Appendix A (the ADA Standards).

73. Examples of failure to comply include, but may not be limited to the following. The

leasing offices at Vineyard, Windsor Lake, Twin Oaks, Oak Hollow, Spring Lake, Cypress Lake,

Pelican Pointe, and Houston Levee lack an accessible pedestrian approach route to each leasing

office due to, *inter alia*, excessive slopes and/or abrupt level changes, as discussed *supra*. The

leasing offices at Vineyard, Windsor Lake, Twin Oaks, Oak Hollow, Spring Lake, and Houston

Levee each lack a compliant "van accessible" parking space. The leasing offices at Vineyard and

Cypress Lake each have an inaccessible counter in the reception area that is too high. The

leasing offices at Vineyard, Windsor Lake, Oak Hollow, Spring Lake, and Pelican Pointe each

have inaccessible door hardware that requires twisting instead of lever hardware.

### Fair Housing Act and Americans with Disabilities Act Claims

74. The allegations of paragraphs 1-73 are hereby incorporated by reference.

75. Defendants The Bryan Company, Bryan Construction Company, Inc., Mid-South

Development, LLC a/k/a MSD, LLC, The Vineyards Apartments, LLC, Larry Singleton d/b/a

Singleton Hollomon Architects, and H D Lang And Associates, Inc. failed to design and

construct the Vineyard public and common use portions and covered multifamily dwellings

described in paragraph 4 in the manner set forth in 42 U.S.C. § 3604(f)(3)(C). Defendants The

Bryan Company, Bryan Construction Company, Inc., Mid-South Development, LLC a/k/a MSD,

LLC, and The Vineyards Apartments, LLC and failed to design and construct the Vineyard

leasing office and other public use areas described in paragraph 4 in a manner required by 42

U.S.C. § 12183(a)(1) and the ADA Standards.

24

76. Defendants The Bryan Company, Mid-South Development, LLC a/k/a MSD, LLC, Bryan Construction Company, Inc., Equity Properties, LLC f/k/a Windsor Lake Apartment, LP, and Richard A. Barron failed to design and construct the Windsor Lake public and common use portions and covered multifamily dwellings described in paragraph 5 in the manner set forth in 42 U.S.C. § 3604(f)(3)(C). Defendants The Bryan Company, Mid-South Development, LLC a/k/a MSD, LLC, Bryan Construction Company, Inc., and Equity Properties, LLC f/k/a Windsor Lake Apartment, LP failed to design and construct the Windsor Lake leasing office and other public use areas described in paragraph 5 in a manner required by 42 U.S.C. § 12183(a)(1) and the ADA Standards.

77. Defendant The Bryan Company failed to design and construct the Sutton Place public and common use portions and covered multifamily dwellings described in paragraph 6 in the manner set forth in 42 U.S.C. § 3604(f)(3)(C).

78. Defendants The Bryan Company, Steve Bryan, Bryan Construction Company, Inc., Stephen G. Hill, Shows Dearman & Waits, Inc., and Timothy R. Burge, PA d/b/a Professional Associates, Inc. failed to design and construct the Twin Oaks public and common use portions and covered multifamily dwellings described in paragraph 7 in the manner set forth in 42 U.S.C. § 3604(f)(3)(C). Defendants The Bryan Company, Steve Bryan, and Bryan Construction Company, Inc. failed to design and construct the Twin Oaks leasing office and other public use areas described in paragraph 7 in a manner required by 42 U.S.C. § 12183(a)(1) and the ADA Standards.

79. Defendants The Bryan Company, Mid-South Development, LLC a/k/a MSD, LLC, Bryan Construction Company, Inc., Canizaro Cawthon Davis, Richard A. Barron, and Smith

25

Engineering & Surveying, Inc. a/k/a Smith Engineering Firm, Inc. a/k/a S.E.C.O., Inc. d/b/a

Smith Engineering Co., Inc. failed to design and construct the Oak Hollow public and common

use portions and covered multifamily dwellings described in paragraph 8 in the manner set forth

in 42 U.S.C. § 3604(f)(3)(C).  Defendants The Bryan Company, Mid-South Development, LLC

a/k/a MSD, LLC, and Bryan Construction Company, Inc. failed to design and construct the Oak

Hollow leasing office and other public use areas described in paragraph 8 in a manner required

by 42 U.S.C. § 12183(a)(1) and the ADA Standards.

80.  Defendants Bryan Construction Company, Inc., Steve Bryan, Stephen G. Hill, and

H D Lang And Associates, Inc. failed to design and construct the Spring Lake public and

common use portions and covered multifamily dwellings described in paragraph 9 in the manner

set forth in 42 U.S.C. § 3604(f)(3)(C).  Defendants Bryan Construction Company, Inc. and Steve

Bryan failed to design and construct the Spring Lake leasing office and other public use areas

described in paragraph 9 in a manner required by 42 U.S.C. § 12183(a)(1) and the ADA

Standards.

81.  Defendants The Bryan Company, Steve Bryan, Bryan Construction Company, Inc.,

Cypress Lake Development, LLC, Stephen G. Hill, and Evans-Graves Engineers, Inc. failed to

design and construct the Cypress Lake public and common use portions and covered multifamily

dwellings described in paragraph 10 in the manner set forth in 42 U.S.C. § 3604(f)(3)(C).

Defendants The Bryan Company, Steve Bryan, Bryan Construction Company, Inc., and Cypress

Lake Development, LLC failed to design and construct the Cypress Lake leasing office and other

public use areas described in paragraph 10 in a manner required by 42 U.S.C. § 12183(a)(1) and

the ADA Standards.

82. Defendants The Bryan Company, Steve Bryan, Bryan Construction Company, Inc., Stephen G. Hill, and J.V. Burkes & Associates failed to design and construct the Pelican Pointe public and common use portions and covered multifamily dwellings described in paragraph 11 in the manner set forth in 42 U.S.C. § 3604(f)(3)(C). Defendants The Bryan Company, Steve Bryan, and Bryan Construction Company, Inc. failed to design and construct the Pelican Pointe leasing office and other public use areas described in paragraph 11 in a manner required by 42 U.S.C. § 12183(a)(1) and the ADA Standards.

83. Defendants The Bryan Company, Bryan Construction Company, Inc., Steve Bryan, Mid-South Houston Partners, Stephen G. Hill, and Pickering Firm, Inc. a/k/a Pickering, Inc. failed to design and construct the Houston Levee public and common use portions and covered multifamily dwellings described in paragraph 12 in the manner set forth in 42 U.S.C. § 3604(f)(3)(C). Defendants The Bryan Company, Bryan Construction Company, Inc., Steve Bryan, and Mid-South Houston Partners and failed to design and construct the Houston Levee leasing office and other public use areas described in paragraph 12 in a manner required by 42 U.S.C. § 12183(a)(1) and the ADA Standards.

84. The conduct of Defendants The Bryan Company, Bryan Construction Company, Inc., Steve Bryan, Mid-South Houston Partners, Mid-South Development, LLC a/k/a MSD, LLC, The Vineyards Apartments, LLC, Equity Properties, LLC f/k/a Windsor Lake Apartment, LP, Cypress Lake Development, LLC, Stephen G. Hill, Pickering Firm, Inc. a/k/a Pickering, Inc., Larry Singleton d/b/a Singleton Hollomon Architects, H D Lang And Associates, Inc., Richard A. Barron, Architect, Shows Dearman & Waits, Inc., Timothy R. Burge, PA d/b/a Professional Associates, Inc., Canizaro Cawthon Davis f/k/a Canizaro Trigiani Architects, Smith Engineering

& Surveying, Inc. a/k/a Smith Engineering Firm, Inc. a/k/a S.E.C.O., Inc. d/b/a Smith

Engineering Co., Inc., Evans-Graves Engineers, and J.V. Burkes & Associates, Inc. ("the Design

and Construction Defendants") described above violates 42 U.S.C. §§ 3604(f)(1), (f)(2) and

(f)(3)(C).

85. The conduct of the Design and Construction Defendants described above constitutes:

    a.    a pattern or practice of resistance to the full enjoyment of rights granted by

        the Fair Housing Act, 42 U.S.C. §§ 3601 - 3619; or

    b.    a denial to a group of persons of rights granted by the Fair Housing Act,

        42 U.S.C. §§ 3601 - 3619, which raises an issue of general public

        importance.

86. Persons who may have been victims of these Defendants' discriminatory housing

practices are aggrieved as defined in 42 U.S.C. § 3602(I), and may have suffered injuries as a

result of the conduct described above.

87. The conduct of the Design and Construction Defendants described above was

intentional, willful, and taken in disregard of the rights of others.

88. The conduct of Defendants The Bryan Company, Bryan Construction Company, Inc.,

Steve Bryan, Mid-South Houston Partners, Mid-South Development, LLC a/k/a MSD, LLC, The

Vineyards Apartments, LLC, Equity Properties, LLC f/k/a Windsor Lake Apartment, LP, and

Cypress Lake Development, LLC ("the ADA Defendants") described above constitutes:

    a.  a pattern or practice of discrimination within the meaning of

    42 U.S.C. § 12188(b)(1)(B)(I) and 28 C.F.R. § 36.503(a); or

b.  unlawful discrimination that raises an issue of general public importance

within the meaning of 42 U.S.C. § 12188(b)(1)(B)(ii) and

28 C.F.R. § 36.503(b).

89.  Persons who may have been victims of these Defendants' discriminatory conduct

described in this count are aggrieved as defined in 42 U.S.C. § 12188(b)(2)(B), and may have

suffered injuries as a result of the conduct described above.

90.  The conduct of the ADA Defendants described above was intentional, willful, and

taken in disregard of the rights of others.

## Prayer for Relief

WHEREFORE, the United States prays that the Court enter an order that:

a.  Declares that the conduct of the Design and Construction Defendants

violates the Fair Housing Act.

b.  Declares that the conduct of the ADA Defendants violates the Americans

with Disabilities Act;

c.  Declares that Defendants have engaged in a pattern or practice of

discrimination, in violation of the Fair Housing Act and/or the Americans

with Disabilities Act, or have denied rights to or discriminated against a

group of persons under the Fair Housing Act or the Americans with

Disabilities Act;

d.  Enjoins the Design and Construction Defendants, their officers,

employees, agents, successors and all other persons in active concert or

participation with any of them from:

i.  at the properties identified in paragraphs 4-12, failing or refusing to bring the covered multifamily dwelling units and public use and common use areas in which each defendant was involved in the design and/or construction into full compliance with 42 U.S.C. § 3604(f);

ii.  at the properties identified in paragraphs 4-12, failing or refusing to conduct Fair Housing Act compliance surveys to determine whether the retrofits ordered in paragraph (i) above or otherwise performed, comply with 42 U.S.C. § 3604(f);

iii.  at any other covered multifamily dwellings built for first occupancy after March 13, 1991, in which any Design and Construction Defendant was involved in the design and construction, failing or refusing to: (a) if not already done, conduct a Fair Housing Act compliance survey to identify violations of 42 U.S.C. § 3604(f), and (b) with respect to any violations or non-compliance found, failing to retrofit the covered multifamily dwelling units and public use and common use areas to bring the property into compliance with the requirements of 42 U.S.C. § 3604(f);

iv. designing or constructing any covered multifamily dwellings and public and common use areas in the future that do not comply with 42 U.S.C. § 3604(f); and

v. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Design and Construction Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct.

e. Enjoins the ADA Defendants, their officers, employees, agents, successors and all other persons in active concert or participation with any of them from:

i. at the properties identified in described in paragraphs 4-5 and 7-12, failing or refusing to bring the public accommodations, including leasing offices and other public use areas, in which each defendant was involved in the design and/or construction into full compliance with 42 U.S.C. § 12183(a)(1), 28 C.F.R. §§ 36.401 and 36.406, and 28 C.F.R. Part 36, Appendix A;

ii. at the properties identified in described in paragraphs 4-5 and 7-12, failing or refusing to conduct ADA compliance surveys to determine whether the retrofits ordered in paragraph (i) above or otherwise performed, comply with

31

42 U.S.C. § 12183(a)(1), 28 C.F.R. §§ 36.401 and 36.406, and 28 C.F.R. Part 36, Appendix A;

iii.  at any other covered multifamily dwellings, with respect to the areas that are public accommodations, including leasing offices and other public use areas, designed and constructed for first occupancy after January 26, 1993, in which any ADA Defendant was involved in the design and construction, failing or refusing to: (a) if not already done, conduct an ADA compliance survey of the public accommodations to identify violations of 42 U.S.C. § 12183(a)(1), 28 C.F.R. §§ 36.401 and 36.406, and 28 C.F.R. Part 36, Appendix A; and (b) with respect to any violations or non-compliance found, retrofit the public accommodations areas to bring them into compliance with the requirements of the Americans with Disabilities Act and the ADA Standards;

iv.  designing or constructing any public accommodations in the future that do not comply with 42 U.S.C. § 12183(a)(1), 28 C.F.R. §§ 36.401 and 36.406, and 28 C.F.R. Part 36, Appendix A; and

v.  failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of

the ADA Defendants' unlawful practices to the position

they would have been in but for the discriminatory conduct.

f.  Enjoins Rule 19 Defendants USA Houston Levee DST, Vineyards at

Castlewoods, LLC, SEC Accommodator-Windsor Lake LLC, Mid-

America Capital Partners, Mid-America Apartments, LP, SEC

Accommodator-Twin Oaks LLC,  Oak Hollow-NE, LP, SEC

Accommodator-Spring Lake LLC, Cypress Lake RS, LLC, Cypress Lake

GARG, LLC, and Pelican Pointe-NE LP from engaging in conduct that

denies access to the public and common use areas, the covered multifamily

dwellings, or the public accommodations areas at the properties described

in paragraphs 4-12 under their ownership or management, and from

engaging in any other action to impede any retrofits required to bring the

properties, covered multifamily dwelling units, and public and common

use areas into compliance with the Fair Housing Act and the public

accommodations areas into compliance with the Americans with

Disabilities Act and the ADA Standards in a prompt and efficient manner

while minimizing inconvenience to the residents and visitors at the

properties and to the Rule 19 Defendants.

g.  Awards monetary damages to all persons harmed by the discriminatory

housing practices by the Design and Construction Defendants and the

ADA Defendants pursuant to 42 U.S.C. § 3614(d)(1)(B) and

42 U.S.C. § 12188(b)(2)(B), respectively.

The United States further prays for such additional relief as the interests of justice may require.

ERIC H. HOLDER, JR.
Attorney General

JOHN M. DOWDY
United States Attorney
Southern District of Mississippi

THOMAS E. PEREZ
Acting Assistant Attorney General
Civil Rights Division

MITZI DEASE PAIGE
MS Bar # 6014
Assistant United States Attorney
Office of the United States Attorney for
  the Southern District of Mississippi
501 E. Court Street
Suite 4.430
Jackson, MS 39201
601-973-2840
601-965-4409 (fax)
Mitzi.Paige@usdoj.gov

STEVEN H. ROSENBAUM
DC Bar # 417585
Chief, Housing and Civil
  Enforcement Section

MICHAEL S. MAURER
DC Bar # 420908
Deputy Chief
KEVIN J. KIJEWSKI, KY Bar # 86448
TANYA ILONA KIRWAN, MD Bar
KATE SABLOSKY ELENGOLD, IL Bar # 6287267
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
202-305-2913
202-514-1116 (fax)
Kevin.Kijewski@usdoj.gov
Tanya.Kirwan@usdoj.gov
Kate.Elengold@usdoj.gov